**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**TIFFANY HUBBARD**                                                                  **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 4:21-cv-16-JMV**

**COMMISSIONER OF
SOCIAL SECURITY**                                                          **DEFENDANT**

**ORDER**

This matter is before the court on Plaintiff's complaint [1] for judicial review of the Commissioner of the Social Security Administration's denial of an application for supplemental security income. The undersigned held a hearing on May 12, 2022 [24]. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and that said decision should be affirmed.

**Standard of Review**

The Court's review of the Commissioner's final decision that Plaintiff was not disabled is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *See* 42 U.S.C. § 405(g); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). When substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Supreme Court has explained:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, *the threshold for such evidentiary sufficiency is not high*. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (emphasis added) (citations and internal quotations and brackets omitted).

Under the substantial evidence standard, "[t]he agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citations and internal quotations omitted). In applying the substantial evidence standard, the Court "may not re-weigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

## Statement of the Case

Plaintiff protectively filed an application in the present matter on July 8, 2019, alleging his disability commenced on July 1, 2018. The application was denied initially and upon reconsideration. Plaintiff filed a timely request for a hearing. A telephonic hearing was held by ALJ Laura Bach on August 10, 2020. Plaintiff, her attorney, and Elizabeth Allen, impartial vocational expert, appeared at the hearing. The ALJ issued an Unfavorable Decision in this cause on September 16, 2020.

The ALJ evaluated Plaintiff's claims pursuant to the five-step sequential evaluation process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date of July 8, 2019. At step two, the ALJ found that the Plaintiff had the following "severe" impairments: fibromyalgia, systemic lupus erythematosus (SLE),

osteoarthritis of the left ankle, and obesity. At step three, the ALJ found that none of Plaintiff's impairments, either alone or in combination, met or equaled the criteria of an impairment at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listings).

The ALJ then assessed Plaintiff's RFC and found that she retained the ability to perform a range of work between light and sedentary as defined in 20 CFR 416.967(a). Specifically, the ALJ found that the Plaintiff was able to lift, carry, push, or pull twenty pounds occasionally and ten pounds frequently. She can stand or walk two hours out of an eight-hour workday and she is able to sit six hours out of an eight-hour workday. She can climb stairs or ramps occasionally, but must avoid climbing ladders, ropes, or scaffolds. She can balance, stoop, kneel, crouch, or crawl occasionally. She must avoid exposure to extreme heat and extreme cold.

At step four, the ALJ found that the Plaintiff had no past relevant work. She was 36 years old, which is defined as a younger individual age 18-44 on the date the application was filed. She has a limited education. At step five, the ALJ considered the vocational expert's testimony and found that given all of the factors present, the Plaintiff would be able to perform the requirements of occupations such as an order clerk, a document preparer, and a record clerk. Accordingly, the ALJ found Plaintiff not disabled and denied her application for SSI.

The Appeals Council issued an Order dated December 10, 2020, which affirmed the ALJ's Unfavorable Decision, thereby making it the decision of the Commissioner and the Social Security Administration for purposes of judicial review under the Social Security Act.

## Discussion

The issue raised by the Plaintiff on appeal is whether the ALJ committed reversible error in failing to properly consider the medical opinions of Nurse Practitioner Goss and Dr. Pulusani. For the reasons explained in detail below, the Court finds that the ALJ's decision was supported

by substantial evidence and should be affirmed.

The issue raised by the Plaintiff is that had the ALJ properly considered the medical opinions of record, specifically those of Nurse Practitioner Gross and Dr. Pulsani, she would have assigned a more restrictive RFC. At the outset, the Court notes that the RFC assessment is based on "all of the relevant medical and other evidence" (20 C.F.R. § 416.945(a)(3)), including, but not limited to, medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. SSR 96-8p, 1996 SSR LEXIS 5, at *13-14. The ALJ has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence. *Gonzales v. Astrue*, 231 F. App'x 322, 324 (5th Cir. 2007), citing *Holman v. Massanari,* 275 F.3d 43 (5th Cir. 2001). To carry weight, subjective statements must be corroborated by objective findings. *Harrell v. Bowen*, 862 F.2d471, 481 (5th Cir. 1988); SSR 96-8p, 1996 WL 374181, at *5.

Furthermore, as discussed by the Commissioner, following the 2017 revisions to the Rules, "ALJs are no longer required to give controlling weight to a treating physician's opinion, as was mandated by federal regulations and our caselaw in the past." *Webster v. Kijakazi*, 19 F.4th 715, 718-19 (5th Cir. 2021). Instead, the ALJ considers the persuasiveness of medical opinion evidence. 20 C.F.R. § 416.920c(b)(2). In evaluating persuasiveness, the ALJ considers five factors: (i) supportability; (ii) consistency; (iii) the source's relationship with the patient; (iv) the source's specialty; and (v) "other factors that tend to support or contradict" the opinion. 20 C.F.R. § 416.920c(c). The most important factors in evaluating persuasiveness are supportability and consistency. 20 C.F.R. § 416.920c(b)(2). In considering these factors, the ALJ is required to "explain how [h]e considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [the claimant's] determination or

4

decision." *Id.* (emphasis added). With respect to supportability, other Courts have reasoned that "the strength of a medical opinion increases as the relevance of the objective medical evidence and explanations presented by the medical source increase." *Vellone v. Saul*, 1:20-CV-00261-RAK-HP, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021) (citing 20 C.F.R. § 404.1520c(c)(1)). Regarding consistency, this factor is "an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record." *Id.* (citing 20 C.F.R. § 416.920c(c)(2)); see also Revision to Rules, 82 Fed. Reg. at 5853.

It appears to this Court that the ALJ thoroughly analyzed each of Plaintiff's conditions, and in doing so, considered Plaintiff's subjective reports of her medical conditions, the objective evidence of Plaintiff's treatment for each alleged impairment, and the medical opinions from the State agency medical consultants. (TR 18-21). In doing so, the ALJ considered the opinions of Nurse Practitioner Goss and Dr. Pulsani.

As for the ALJ's assessment of the opinions of Nurse Practitioner Goss and Dr. Pulsani, the ALJ stated:

> In July 2020, Nurse Practitioner Jennifer Goss completed a physician statement indicating that the claimant could perform a reduced range of work activities at the sedentary exertional level with postural limitations. She also opined that the claimant would miss four or more workday a month due to her symptoms (Exhibits 7F and 8F). The undersigned concludes that this opinion is not entirely persuasive. The claimant's treatment records do not reveal evidence of frequent flare ups or any other symptoms that would support the degree of absenteeism described in this opinion.
>
> In addition, Dr. Vaishnavi Pulsani complete a physician statement in June 2020, wherein, he believed the claimant would miss four or more days of work a month and perform work at the sedentary level with postural restrictions (Exhibit 5). The undersigned also concludes that this opinion is not entirely persuasive. As noted above, the claimant's treatment records do not reveal evidence of frequent flare ups or any other symptoms would support the degree of absenteeism described in the opinion.

(TR 20-21). It also bears mentioning that Dr. Pulsani's June 2020 opinion was rendered in the

form of a brief checklist statement.

The Fifth Circuit has held that "[a] case will not be remanded simply because the ALJ did not use 'magic words.'" *Keel v. Saul*, 986 F.3d 551, 556 (5th Cir. 2021). Rather, "[r]emand is only appropriate 'where there is no indication the ALJ applied the correct standard." *Id.* (citation omitted). The burden is on the party claiming error to demonstrate not only that an error is present, but also that it affected her "substantial rights." *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009).

The Court finds that the language used here by the ALJ differs from the "meaningless boilerplate" language present in *Bridges v. Commissioner*, 4:20-cv-89-DAS (N.D. Miss. 2021), at 3. Here, it was within the ALJ's purview to find that the opinions of Nurse Practitioner Goss and Dr. Pulsani were "not entirely persuasive" because they did not comport with Plaintiff's treatment records. In discussing Plaintiff's medical records, the ALJ noted that:

> During a October 2018 consultation with a rheumatologist, he found that the claimant met the criteria for early or evolving SLE based on arthralgias, photosensitivity, and high titer results. At a subsequent visit with her rheumatologist in August 2019, approximately ten months later, the claimant denied any recent lupus flares, stiffness, pain, or weakness. During this examination, the claimant possessed a normal range of motion throughout her spine, shoulder, elbows, and lower extremities."

(TR 13). The ALJ also found that:

> The claimant sought evaluation in March 2020 for pain complaints and an examination noted normal movement in all extremities with multiple areas of joint tenderness in addition to left ankle edema. Nevertheless, the claimant was able to ambulate normally and independently. In July 2020, the claimant reiterated her reports of fatigue, muscle aches, and arthralgias. Although the claimant did not demonstrate any signs of extremity edema, she continued to have normal movement in all extremities with multiple areas of joint tenderness (Exhibit 8F).

*Id.*

Furthermore, records revealed that "The claimant presented to the emergency room in March 2020 with complaints of headache, sore throat, and fever that began four days earlier. The

claimant possessed a normal range of motion in her neck and spinal region. Additional testing failed to present any acute findings. The claimant was assessed with a sore throat and discharged to home." *Id.*

In her opinion, the ALJ includes that she has considered the opinions of state agency consultant Dr. Glenn James, who examined the medical evidence of record in August 2019. Dr. James found the Plaintiff could perform work activities at the light exertional level. This opinion was subsequently affirmed by state agency consultant Dr. Cherilyn Hebert in November 2019. (TR 13).

The medical records Plaintiff cites in support of her argument stem from subjective reports of muscle aches, joint pain, and weakness. This is in contrast to the degree of functioning noted by the objective findings from other medical sources, which reveal repeated notations of normal range of motion in all extremities and normal and independent ambulation. Thus, it was not unreasonable for the ALJ to find that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. It is for these reasons that this Court finds that the ALJ did not err in finding the opinions of Nurse Practitioner Goss and Dr. Pulsani "not entirely persuasive." While the ALJ did not use the "magic words," she included details in her opinion related to the lack of supportability and consistency of the opinions of Nurse Practitioner Goss and Dr. Pulsani sufficient to support her decision.

## Conclusion

For the reasons stated above, the Court finds that substantial evidence supports the ALJ's decision. Thus, the Commissioner's decision should be and is hereby affirmed.

**SO ORDERED** this, the 16th day of May, 2022.

/s/ Jane M. Virden
United States Magistrate Judge